FLORENCE B. VAN SICLEN, Plaintiff, *v.* JAMES INCREASE MATHER, Defendant.

Supreme Court, New York County, June, 1929.

*Caruthers Ewing*, for the plaintiff.

*W. D. Wile*, for the defendant.

COTILLO, J. This action is brought by the plaintiff as assignee to compel specific performance of an agreement between the defendant and the plaintiff's husband, now deceased, or in the alternative

to declare that 3,000 shares of the Atlantic Funding Corporation are held in trust by the defendant as trustee for the plaintiff. Defendant defends the action upon the theory that the agreement is incomplete, uncertain in its terms, and not free from doubt, and that the plaintiff has an adequate remedy at law. The defendant, a promoter of the Atlantic Funding Corporation, was endeavoring to put the company on a successful working basis, and sought for that purpose a man of substance, reputation and experience as an executive officer. The defendant was a stranger in New York city, and enlisted the aid of the plaintiff's assignor in the promotion of the company and the securing of substantial business and financial men as officers and directors. A Colonel Littell, well known in the financial world, and a man of many valuable connections, was the man sought. Plaintiff's assignor was the medium used to obtain Littell's co-operation. He, through family and social connections, began the attempt to secure Colonel Littell's consent to become an officer, and, when it appeared that his efforts would be successful, he and the defendant entered into the following agreement, written on the defendant's letterhead:

" Pursuant to our conversation, I am desirous of retaining your services in connection with extension of organization of the Atlantic Funding Corporation, looking toward the establishment of its business. I wish you to not only advise with me as to proper personnel, financial set-ups, etc., but desire your suggestions as to proper persons whose interest and aid we may elicit in this connection, and your co-operation in establishing contact with them.

" For these services I wish to offer you common stock of the Atlantic Funding Corporation, to be issued to you at the time the company opens up for business. This commission to be paid to you for your own work, as well as your services in bringing to our attention others with whom we should make arrangements and enter into business relations.

" There are approximately 9,000 shares of common stock available for services of officers and directors which I will set aside for the proper individuals. The amount which each of these may receive will depend upon the individual's influence, and the amount of preferred stock he may buy for cash. I suggest that 2,000 to 3,000 of these shares be reserved for your services, to be issued when we complete the official family and directorate.

" The amount of common which you will receive will depend upon the amount taken by the parties you bring into contact with us, and therefore a definite number of shares is difficult to enumerate until we have a definite proposal from such persons as Mr. Littell, Mr. Wilson, etc.

" It is understood that this agreement and compensation for services to be rendered shall not conflict with any future arrangement which shall be made for the sale of stock in this enterprise.

" The acceptance of this letter will constitute a contract between us.

" Sincerely yours,

" J. I. MATHER."

The plaintiff's assignor wrote his acceptance on the letter itself. The contract was originally drawn by Van Siclen, but, upon his presentation of it to the defendant, it did not meet with the latter's approval, and was rewritten by him. We can, therefore, consider that the contract was drawn up by the defendant personally.

One of the fundamental rules respecting the specific performance of contracts is that performance will not be decreed where the contract is not certain in its terms. The terms must be complete, and free from doubt or ambiguity, and must make the precise act which is to be done clearly ascertainable, and free from all doubt or uncertainty. It is impossible from the testimony adduced by the plaintiff or from the contract itself to determine the specific obligations of the defendant. While at law an action for breach of contract can often be maintained, although some of the terms of the contract are not established with exactness, it is otherwise where specific performance is required. The terms must not be ambiguous, so that either party may reasonably misunderstand them, or so obscure or self-contradictory that the court cannot interpret them. (36 Cyc. 589, 590; Pom. Spec. Perf. § 159.)

Judgment for the defendant, without prejudice to an action at law upon *quantum meruit* or any other cause which plaintiff may be advised that it has. Submit findings and judgment on notice.